UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FILHO,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCY HOUSING CALIFORNIA XVII, LP,<br><br>    Defendant. | Case No. 24-cv-03316-JCS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915 AS TO DEFENDANT TISCARENO** |

## I. INTRODUCTION

Plaintiff Robert Filho, pro se, applied to proceed in forma pauperis and the Court granted his application. *See* Docket No. 7. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to state a claim as to Defendant Tiscareno, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed as to that defendant. Plaintiff may file either an amended complaint or a response to this order addressing why his complaint is sufficient as to Defendant Tiscareno, no later than **July 26, 2024**.

## II. ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff completed a form complaint. Dkt. no. 1. In the caption and in the section listing the parties to the action, Plaintiff names a single defendant, Mercy Housing California XVII, LP ("Mercy Housing"), which is also the only defendant listed as to his single claim, asserted under the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.* ("Fair Housing Act" or "FHA"). *Id.* at 1.

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

1   In the fact section of the Complaint, however, he states that "[t]he defendants are Perla Tiscareno

2   (Property Manager) and Mercy Housing California XVII, LP." *Id.* at 3.  The Complaint indicates

3   that Plaintiff resides at 20 Franklin Street #415, San Francisco CA 94102 and that the address of

4   Mercy Housing is 20 Franklin Street, San Francisco CA 94102. According to Plaintiff, this

5   property is "a 72-unit multi-family building that receives [Housing Opportunities for Persons With

6   AIDS] program assistance to house people living with HIV/AIDS . . .[and] [Low Income Housing

7   Tax Credit] subsidies." *Id.* at 3-4.

8         Plaintiff alleges that he has a "permanent physical disability[,]" namely, that he is HIV

9   positive and has "TBI (traumatic brain injury) damage to the right frontal lobe and bi-[lateral] side

10  of the brain that causes short term memory loss, [seizures], falling to the ground of

11  [uncontrollable] mobility to walk, performing manual tasks, lack of concentration, [anxiety],

12  speech impairment, chronic fibrosis stage 3 of the liver scar tissue damage, scar tissue damage to

13  the bladder and prostate causing chronic frequently [uncontrollable] urination, dehydration and

14  [fatigue]." *Id.* at 2.  Plaintiff further alleges that Mercy Housing knew that he was disabled when

15  it rented the apartment to him as he signed a HIPAA release as part of his application, submitted

16  on June 1, 2022, in order to establish that he was disabled. *Id.*  He also permitted a criminal

17  background check and "read and signed the defendant rules and policies that states no drug related

18  activity and no criminal activity is allowed on defendants property." *Id.*

19        Plaintiff alleges that he is a victim of domestic violence and that he "filed a domestic

20  violence restraining order on May 16th, 2023 on plaintiff ex-boyfriend Jorge Nicolas Castellanos

21  case# FDV-23-816875 of Superior Court, County of San Francisco." *Id.* at 3.  According to

22  Plaintiff, he gave "[an] original copy of the domestic violence [restraining] order to the defendant

23  on May 16th 2023." *Id.*  He alleges that accommodation of his disability is "necessary to afford an

24  equal opportunity to use and enjoy his [dwelling]" and safe environment is "very essential for

25  plaintiff to enjoy his dwelling." *Id.*

26        Plaintiff alleges that on March 22, 2024, he gave written notice to Mercy Housing that his

27  right to enjoy his dwelling was being violated by: 1) "Banging on walls, ceiling, floor, slamming

28  doors" from the apartments above and adjacent to his apartment (units 515 and 414); 2) "illegal

invasion of privacy by the use of electronic devices and [eves]dropping to enter into plaintiff solitude of privacy under the CA criminal penal code 647.J[;]" and 3) "Allowing plaintiff ex-boyfriend and his friends onto the property of 20 [F]ranklin street after plaintiff gave the [defendant a] copy of the domestic violence restraining order that states ex-boyfriend and friends are to stay away from plaintiff of 150 yards and stay away from plaintiff home and no contact at all and plaintiff states defendant allowed them onto the property to keep plaintiff under [surveillance] as the restraining order states no keep under surveillance, no stalking[.]" *Id.* at 3.

According to Plaintiff, his ex-boyfriend and friends have been entering onto Defendant's property "every day from [J]une 2023 to present of June 2024" and have been "caught on the defendant[']s security camara inside/[outside] on the front stair case by the front lobby and the back stair case and on the elevator and in the hall ways going directly to the 5th floor to apartment 515 and [entering] and exiting from apartment 515 that the security camara is right in front of apartment 515 front door and they are also caught going to the basement floor as well." *Id.* at 5.

According to Plaintiff, he received a response to his March 22, 2024 written notice from Mercy Housing informing him the conduct he was complaining about was "out of their control[.]" *Id.* Plaintiff alleges that Defendant told him his complaint would be forwarded to Eileen Lou, the regional director of operations, but that he never received a response from Lou. *Id.* Plaintiff then sent a "final notice of complaint" on April 17, 2024 but received no response. *Id.*

Plaintiff alleges that "on May 29, 2024 plaintiff verbally informed Perla Tiscareno and Clare Melvin case manger from [Catholic] Charities on the property that the plaintiff has the evidence of the [illegal] invasion of privacy in plaintiff apartment 415." *Id.* at 4. In particular, Plaintiff alleges that he "took his cell phone camara with his location services turned on and took a video of inside plaintiff apartment of the [electronic] devices that is being shot into the plaintiff apartment and the location services detected the electronic device is [coming] from apartment 515 above [Plaintiff's] apartment." *Id.*

Plaintiff alleges that "his right to enjoy his dwelling had began from June 2023 to present June 2024" and that he has been subject to discrimination as to the "terms, conditions, [privileges] of services and facilities" and the "failure to make a quiet and enjoy his dwelling." *Id.*

at 4. He asserts a claim under the Fair Housing Act based on the allegation that he was discriminated against as to his right to quiet enjoyment of his dwelling. *Id.* at 6-7. He seeks an order requiring Defendant to comply with his "right to enjoy his [dwelling] . . . [and] to a safe [environment] and to stop all invasion of plaintiff privacy and not to allow plaintiff ex-boyfriend and friends onto the property 20 [F]ranklin [S]treet." *Id.* at 7.

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S*., 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the

pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. *Thomas v. E. Bay L.*, No. 18-CV-00502-JCS, 2018 WL 3069478, at *3 (N.D. Cal. Feb. 7, 2018), report and recommendation adopted, No. 18-CV-00502-EMC, 2018 WL 3069310 (N.D. Cal. Feb. 26, 2018). The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists where all plaintiffs are citizens of different states from all defendants and at least $75,000 is in controversy.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**B.     The Fair Housing Act**

Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601-3631 (Fair Housing Act), was enacted "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. In 1988, it was amended to extend the FHA's protections to disabled persons. Fair Housing Amendments Act of 1988, Pub.L. No. 100–430, 102 Stat. 1619,  42 U.S.C. § 3604(f)(2);  *see also Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1146 (9th Cir. 2003) (noting that while the terms "handicap" and "handicapped" are used in the FHA, Congress subsequently found that those terms were considered objectionable and therefore changed to "disability" and "disabled," which have the same meaning).[2]  As amended, the FHA defines discrimination to include, *inter alia*, "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to

---

[2] In this order, the Court uses the terms "disability" and "disabled" rather than "handicap" and "handicapped" when referring to the requirements of the FHA.

use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

A plaintiff must prove five elements to prevail on an FHA reasonable accommodation claim under § 3604(f)(3)(B): (1) that the plaintiff or his associate is disabled within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the [disability]; (3) that accommodation of the [disability] may be necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1216 (2007). "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *Id*. (quoting *United States v. Cal. Mobile Home Park Mgmt. Co*., 107 F.3d 1374, 1380 (9th Cir. 1997)).

As a general rule, the discriminatory conduct of an apartment manager is attributable to the owner of the apartment complex under the doctrine of respondeat superior. *See Meyer v. Holley*, 537 U.S. 280, 285 (2003) ("It is well established that the [Fair Housing] Act provides for vicarious liability."); *Llanos v. Est. of Coehlo*, 24 F. Supp. 2d 1052, 1061 (E.D. Cal. 1998) (finding that property owner could be held vicariously liable for discriminatory conduct of rental agent under FHA). Furthermore, the Supreme Court has found that when Congress created a tort action under the FHA, "it legislate[d] against a legal background of ordinary tort-related vicarious liability rules and consequently intend[ed] its legislation to incorporate those rules." *Meyer v. Holley*, 537 U.S. at 285.

**C.  Discussion**

To state a claim of discrimination based on failure to provide reasonable accommodation under the FHA, Plaintiff must allege facts giving rise to a plausible inference that: (1) Plaintiff is disabled as defined by 42 U.S.C. § 3602(h); (2) Defendant knew or reasonably should be expected to know of his disability; (3) accommodating his disability "may be necessary" to allow him an equal opportunity to use and enjoy the dwelling; (4) the requested accommodation or modification is reasonable; and (5) Defendant refused the accommodation.

Under the FHA, a person is disabled if they have "a physical or mental impairment which

substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)(1). Here, Plaintiff's allegations are sufficient to establish that he is disabled. Likewise, he has alleged specific facts giving rise to a plausible inference that the property owner, Mercy Housing, knew about his disability and indeed, required him to prove that he was disabled when he submitted his application. Further, Plaintiff has alleged facts which, liberally construed, establish that he may need accommodation. In particular, he alleges that he suffers from anxiety (among other things) and is a victim of domestic violence and therefore "a safe environment is very essential for [him] to enjoy his dwelling." Compl. at 3

Plaintiff also must establish that the requested accommodation is reasonable. As discussed above, this is a fact-specific question and therefore the Court considers only whether the allegations as to this element are sufficient to satisfy the requirements of a preliminary review under 28 U.S.C. § 1915. The Court finds that they are. Plaintiff's complaint alleges that he alerted the property owner of the existence of a temporary restraining order against his ex-boyfriend and also complained to the property owner, in writing, that his ex-boyfriend was entering the property, apparently in violation of the terms of the restraining order. Liberally construed, the complaint also seems to allege that his ex-boyfriend is subjecting Plaintiff to harassment (banging on the ceiling from the apartment above) and stalking or electronic surveillance of some kind, which is also prohibited by the restraining order. While the property owner has, apparently, refused to take measures to address this issue on the basis that this conduct is outside of its control, there are circumstances where a landlord may be held liable under the general principles of tort law for failure to take reasonable measures to protect a tenant from foreseeable harm caused by the criminal acts of a third party. *See Castaneda v. Olsher,* 41 Cal. 4th 1205, 1213 (2007), as modified (Oct. 17, 2007) ("A landlord generally owes a tenant the duty, arising out of their special relationship, to take reasonable measures to secure areas under the landlord's control against foreseeable criminal acts of third parties.) Therefore, the Court finds that Plaintiff's allegations are sufficient to satisfy the fourth element of the test at this preliminary stage of the case.

Finally, Plaintiff has alleged that the property owner has done nothing to address his

7

1   complaints and has told him that the conduct at issue is outside of its control, thus adequately
2   alleging that the property owner has refused Plaintiff's request for accommodation. Therefore, the
3   Court concludes Plaintiff's allegations as to Mercy Housing are sufficient to meet the
4   requirements of 28 U.S.C. § 1915.[3]

5   On the other hand, Plaintiff's allegations are not sufficient as to the property manager,
6   Defendant Tiscareno.[4] As discussed above, a property owner may be held vicariously liable for the
7   discriminatory conduct of a property manager under the FHA, but ordinarily a property manager
8   cannot be held individually liable for discrimination under the FHA. As Plaintiff has not alleged
9   any facts that suggest that there is basis for imposing liability on Tiscareno under the FHA, the
10  Court finds that Plaintiff's FHA claim fails as to that defendant.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed as to Defendant Tiscareno. Plaintiff may respond by filing either an amended complaint that makes clear that Tiscareno is not a named defendant in this case or a response that addresses why Tiscareno is a proper defendant. Plaintiff's response shall be filed by **July 26, 2024**. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that Tiscareno be dismissed from the case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (24-cv-3316) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

---

[3] The Court's holding is, however, without prejudice to any motion Mercy Housing may wish to bring under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

[4] Although Tiscareno is not listed as a defendant in the caption of the complaint, the list of parties or the "claims" section of the complaint, Plaintiff expressly states in the fact section of the complaint that she *is* a defendant. The Court therefore considers Tiscareno to be a named defendant in the complaint.

8

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: June 27, 2024

JOSEPH C. SPERO
3602(h).Chief Magistrate Judge