UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FILHO,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCY HOUSING CALIFORNIA XVII, LP,<br><br>    Defendant. | Case No. 24-cv-03316-JCS<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 49 |

Plaintiff, who is proceeding pro se, has requested that the Court appoint counsel to represent him in this action in light of his traumatic brain injury and cognitive brain disorder. The Court recognizes that Plaintiff's impairments may present a significant challenge to Plaintiff in maintaining this action and is sympathetic to Plaintiff's situation. Nonetheless, litigants in civil cases do not have a right to appointed representation, and the resources available to appoint counsel to represent pro se litigants are extremely limited. Here, the Court finds that Plaintiff has not demonstrated that appointment of pro bono counsel is warranted.

Under 28 U.S.C. § 1915(e)(1), the Court is authorized to appoint an attorney to represent any person unable to afford counsel under "exceptional circumstances." 28 U.S.C § 1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate [their] claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id*.

Arguably, the second factor favors appointment of counsel as Plaintiff's cognitive impairment may make it difficult for Plaintiff to articulate his claims. On the other hand, it is not apparent from the current record that Plaintiff is likely to prevail on the merits on his claims. Considering both facts together, the Court concludes that the "exceptional case requirement" is not met here and therefore, that appointment of counsel is not warranted at this time. Plaintiff may renew his request at a later stage of the case, after the record has been further developed and the Court has ruled on Defendant's summary judgment motion.

Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 25, 2025

JOSEPH C. SPERO
United States Magistrate Judge

2